UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDY GORDON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 12-00671 (RJL) |
| | ) |
| UNITED STATES CAPITOL POLICE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION
February 10, 2013 [# 3]

Plaintiff Judy Gordon alleges that her employer, defendant United States Capitol Police, interfered with her rights and committed retaliation as prohibited under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*[1] Defendant has moved to dismiss the complaint for failure to state a claim of either interference or retaliation. Upon consideration of the parties' pleadings and the relevant law, defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff works as a uniform police officer during the overnight shift. Compl. ¶¶ 7-8 [Dkt. # 1]. On May 6, 2011, plaintiff submitted a request to defendant's Office of Human Resources for a bank of FMLA leave to be used at future, unspecified dates. *Id.* ¶¶ 11-12. In the request, plaintiff stated that she experienced intermittent depression due to her husband's suicide in October 2010. *Id.* ¶ 9, 13. Plaintiff's FMLA request was

---

[1] The FMLA is applicable to federal employees in the legislative branch pursuant to the Congressional Accountability Act ("CAA"). 2 U.S.C. §§ 1302(a)(5), 1312.

1

approved with 240 hours of leave on May 20, 2011. *Id.* ¶ 14. Two months later, plaintiff said she learned through a police captain that the police inspector was "mad" that FMLA requests were being granted without his knowledge; the captain said that the inspector vowed to "find a problem with her FMLA request." *Id.* ¶¶ 29-31.

On July 20, 2011, plaintiff was informed that, due to the same facts underlying her FMLA leave request, her police powers would be revoked pending a fitness for duty exam ("FFDE"). *Id.* ¶¶ 18-19. Instead of following its typical practice of scheduling duty status conferences one business day following the revocation of police powers, defendant scheduled plaintiff's conference three business days after her revocation. *Id.* ¶¶ 43-44. Plaintiff was temporarily reassigned to a light duty administrative position during her regular tour of duty while awaiting her FFDE. *Id.* ¶¶ 22-34. In this administrative position, plaintiff was unable to work two days of overtime she had previously scheduled. *Id.* ¶ 25.

As part of her FFDE, plaintiff was required to submit medical information and meet with a doctor to complete a medical exam. *Id.* ¶¶ 32-42. The medical exam included more than 900 written questions and an interview. *Id.* ¶ 47. The doctor concluded that plaintiff was fit for duty, and plaintiff's police powers were reinstated on July 26, 2011. *Id.* ¶¶ 48-49.[2]

On October 16, 2011, plaintiff learned that she was scheduled to attend an active shooter training session during daytime hours on October 18-20, 2011. *Id.* ¶¶ 53. Due to

---

[2] The complaint incorrectly identifies the date of her police powers reinstatement as July 26, 2012. *See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") [Dkt. # 4] at 4 n.3.

the upcoming anniversary of her husband's death, the stress from her sister's recent death, and a scheduled appointment with her therapist, plaintiff requested use of her FMLA leave to miss the scheduled training. *Id.* ¶¶ 54-56. Plaintiff's supervisor allegedly was irate that plaintiff would miss the training and demanded a doctor's note to justify the leave request. *Id.* ¶¶ 58-59. After initially "refus[ing]" to approve plaintiff's FMLA request, he eventually granted her request. *Id.* ¶ 58, 61.

After unsuccessful mediation, plaintiff received a notice of the end of mediation on February 1, 2012. *Id.* ¶ 1. She filed the above-captioned matter on April 27, 2012. *Id.*

## STANDARD OF REVIEW

Defendant moves to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief can be granted. Motion to Dismiss ("Def.'s Mot.") [Dkt. # 3] at 1. In evaluating defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

3

Rather, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "[T]he court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Indeed, where a court cannot infer more than the mere possibility of misconduct from the facts, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks and citation omitted).

## ANALYSIS

Plaintiff brings two types of claims under the FMLA: an interference claim and a retaliation claim. Compl. ¶¶ 65-89; *see also Breeden v. Novartis Pharm. Corp.*, 646 F.3d 43, 48 (D.C. Cir. 2011) (recognizing two claims).[3] Under an interference claim, plaintiff must demonstrate that her employer "interfere[d] with, restrain[ed], or den[ied] the exercise of or the attempt to exercise" her FMLA rights. 29 U.S.C. § 2615(a)(1). A retaliation claim requires plaintiff to show that her employer "discharge[d] or in any other manner discriminate[d] against [her] for opposing any practice made unlawful" under the FMLA. *Id.* § 2615(a)(2).[4] Because plaintiff has failed to state a claim of either

---

[3] While the FMLA does not label these two claims as ones of "retaliation" and "interference," "those are the labels courts have used in describing an employee's conduct under the Act." *Hopkins v. Grant Thornton Intern.*, 851 F. Supp. 2d 146, 152 n.6 (D.D.C. 2011) (citing *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 n.9 (11th Cir. 2001)). As such, the term retaliation will be used in this opinion to describe prohibited discriminatory or retaliatory conduct under the Act, whether it is under § 2615(a)(1) or § 2615(a)(2).

[4] Plaintiff submits that a "retaliation" claim is cognizable under either § 2615(a)(1) or §

4

interference or retaliation under the FMLA, plaintiff's complaint, for the following reasons, must be dismissed.

### A. Interference Claim

Plaintiff fails to state a claim of interference under the FMLA. To state a claim of interference, plaintiff must show that she was entitled to an FMLA benefit that was denied to her. *Strickland*, 239 F.3d at 1206-07. Plaintiff requested FMLA leave on two occasions: in May 2011 and in October 2011. Compl. ¶¶ 12, 53, 56. Both of these requests were granted. *Id.* ¶¶ 14, 61. Absent evidence of the denial of any FMLA benefits, plaintiff fails to present a traditional interference claim.

It is true that an interference claim "would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 CFR § 825.220(b). Yet even in cases where an employer discouraged an employee from using FMLA leave, the employee still must show that the employer denied the employee entitlements under the FMLA. *See Quinn v. St. Louis Cnty.*, 653 F.3d 745, 753 (8th Cir. 2011) (citing *Wisbey v. City of Lincoln, Neb.*, 612 F.3d 667, 675 (8th Cir. 2010). Thus, plaintiff fails to demonstrate interference by alleging that her employer vowed to "find a problem with her FMLA request," became "irate" upon her request for FMLA leave, or hesitated before granting her leave, Compl. ¶¶ 31, 58, absent any showing that her employer denied her FMLA benefits.

Plaintiff's remaining claims relate to actions her employer took after she requested

---

2615(a)(2). Pl.'s Opp'n at 6 (citing *Hopkins*, 851 F. Supp. 2d at 152). For clarity's sake, I will use the term "retaliation" to cover all forms of retaliatory conduct prohibited under the FMLA, whether under § 2615(a)(1) or § 2615(a)(2).

FMLA leave. While plaintiff appears to characterize these claims as examples of both "interference" and "retaliation," *see id.* ¶¶ 65-89, the essence of these claims is retaliation and will be analyzed as such. *See Simmons v. Akin Gump Strauss Hauer & Feld, LLP*, No. 11-4480, 2013 WL 261537, at *3 n.1 (2d Cir. Jan. 24, 2013) (citing *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 175–76 (2d Cir. 2006)).

### B. Retaliation Claim

Like her interference claim, plaintiff's retaliation claim fails to pass muster. The FMLA prohibits discharge or discrimination against employees who oppose their employer's FMLA violations. 29 U.S.C. § 2615(a)(2). FMLA retaliation claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *Hopkins*, 851 F. Supp. 2d at 153. Specifically, a *prima facie* claim of discrimination requires that plaintiff show (1) that she exercised an FMLA right, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between the exercise of the right and the adverse action. *Id.* (citing *Roseboro v. Billington*, 606 F. Supp. 2d 104, 109 (D.D.C. 2009)).

To demonstrate an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted). "Trivial harms . . . petty slights, minor annoyances, and simple lack of good manners" generally do not rise to the level of retaliation. *Id.* To show the causal connection between the exercised right

6

and the adverse employment action, plaintiff can show that "the protected activity and the adverse action were not *wholly unrelated.*" *Roseboro*, 606 F. Supp. 2d at 109 (quoting *Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)). Temporal proximity can be sufficient to establish the causal connection. *Id.* (citation omitted). "If a prima facie case is established, the burden then shifts to the defendant to overcome this presumption by proffering a legitimate basis for this adverse action, and then the burden shifts back to a plaintiff to show that the proffered reason is pretextual." *Dorsey v. Jacobson Holman, PLLC*, 756 F. Supp. 2d 30, 37 (D.D.C. 2010) (citing *Roseboro*, 606 F. Supp. 2d at 109).

Defendant concedes that plaintiff engaged in a protected activity—that is, requesting FMLA leave on two occasions. *See* Def.'s Mot. at 9. Plaintiff alleges that, as a consequence of engaging in this protected activity, her employer committed several acts of retaliation: (1) revoking her police powers and requiring her to submit to a FFDE; (2) preventing her from working two days of scheduled overtime; (3) demanding a lengthy medical exam and a doctor's note; and (4) delaying her duty status conference by two days. Compl. ¶¶ 24-25, 82-89. None of these claims, unfortunately for plaintiff, constitute retaliation under the statute. How so?

First, the revocation of her police powers pending her FFDE does not constitute an actionable incident of retaliation. Plaintiff's police powers were revoked for a total of four business days, during which she continued to work in an administrative position. Plaintiff does not allege that she suffered any change in salary or benefits during these four days. Further, applicable case law, such as it is, suggests that a fitness for duty

examination, absent further evidence of humiliation or harm, does not rise to the level of an adverse employment action. *See Franklin v. Potter*, 600 F. Supp. 2d 38, 67-68 (D.D.C. 2009). *But see Hunter v. D.C. Child and Family Servs. Agency*, 710 F. Supp. 2d 152, 160 (D.D.C. 2010) ("Discovery may or may not show that the fitness exam caused [plaintiff] any particular injury or harm."). Yet even if the revocation of police powers and the FFDE constituted adverse employment actions, defendant proffers a legitimate basis for these actions: plaintiff's supervisor was concerned that plaintiff was experiencing severe depression while carrying a weapon. Def.'s Mot. at 7. Such an explanation constitutes a legitimate basis for the FFDE, and plaintiff has presented no convincing evidence that this basis was pretextual. *See Franklin*, 600 F. Supp. at 68 (citing *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 303-04 (5th Cir. 2008) for proposition that FFDE had a legitimate basis when used to determine whether plaintiff "was mentally healthy to return to her position" following time away for "work-related stress and anxiety").

Similarly, plaintiff's inability to work two days of overtime does not rise to the level of actionable retaliation. A denial of overtime does not necessarily constitute an adverse employment action. *See Alford v. Def. Intelligence Agency*, No. 10-631, 2012 WL 6185726, at *3-*4 (D.D.C. Dec. 12, 2012). Even if it did, plaintiff cannot overcome the non-retaliatory explanation that overtime was prohibited while on restricted duty. Compl. ¶ 24; *see also Faisan v. Vance-Cooks*, No. 08-714, 2012 WL 4789172, at * 21 (D.D.C. Oct. 9, 2012) (accepting as legitimate basis for denial of overtime that light duty assignment was not eligible for overtime).

Finally, plaintiff again fails to demonstrate retaliation based upon her employer's demands for medical information, either as part of the FFDE or to approve her FMLA request. Generally, requests for medical information do not rise to the level of an adverse employment action. *See Franklin*, 600 F. Supp. 2d at 70-71 (citations omitted). Plaintiff notes that the FFDE medical exam included over 900 written questions, but she does not allege that this exam "produce[d] an injury or harm." *Id.* at 67 (citing *Burlington*, 548 U.S. at 67). Similarly, she alleges no harm from the delay of two business days of her duty status conference—a claim that rings akin to the "trivial harms . . . , petty slights, [and] minor annoyances" that the FMLA's retaliation provision was not intended to include. *Burlington*, 548 U.S. at 68. Put simply, her employer's legitimate requests and actions do not constitute retaliation under the statute.

## CONCLUSION

Plaintiff has failed to state a claim of an FMLA violation, either in the context of interference or retaliation. For this reason, the Court GRANTS defendant's Motion to Dismiss. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

9